NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 31 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CUIRONG YU,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

No. 16-71368

Agency No. A089-724-080

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2017**

Before: McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Cuirong Yu, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's ("IJ") decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Yu's testimony and documentary evidence. *See id.* at 1048 (adverse credibility determination reasonable under the "totality of circumstances"). In the absence of credible testimony, in this case, Yu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Yu's CAT claim also fails because it is based on the same evidence the agency found not credible, and the record does not otherwise compel a finding that it is more likely than not she would be tortured if returned to China. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922-23 (9th Cir. 2006).

Finally, we reject Yu's contention that the IJ was biased, because she has not demonstrated any bias. *See Rivera v. Mukasey*, 508 F.3d 1271, 1276 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED.**

16-71368